IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS MCMANUS and** | : | **CIVIL ACTION** |
| **KIMBERLY MCMANUS,** | : | |
| Plaintiffs, | : | |
| | : | **No. 15-cv-402** |
| v. | : | |
| | : | |
| **ORLEANS RH PA-IL, LP, et al.,** | : | |
| Defendants. | : | |

## M E M O R A N D U M

**Stengel, J.**                                                                                                                    **March 30, 2015**

This action was removed to this court from the Court of Common Pleas of Bucks County. In the state court complaint, the plaintiffs alleged that the defendants breached expressed and implied warranties on their home, which was built by the defendants. The defendants removed the action invoking federal question jurisdiction under the Bankruptcy Code. The defendants moved to dismiss. For the reasons explained below, I will remand this action for lack of subject matter jurisdiction.

**I.     BACKGROUND**

In 2006, Thomas and Kimberly McManus purchased their home at 108 Tatham Road, Bensalem, Pennsylvania from Russ and Nicole Schinizing. The Schinizings were the original owners of the home, who purchased it from the defendants after it was constructed in 2005. In the summer of 2014, the McManuses replaced the windows in the home. They discovered wood substrate that was entirely rotted, causing a major structural defect. As a result, the McManuses were required to undertake significant remediation of

1

the house's structure costing over $70,000. The project required the removal of all siding, replacement of rotted wood substrate, and replacement of the siding. Prior to that time, the McManuses lived in the home with no incident or need for major repair.

In December 2014, the McManuses brought suit in the Court of Common Pleas of Bucks County, alleging breaches of expressed and implied warranties on their home. The defendants are Pennsylvania residents.[1] In January 2015, the defendants removed the case to this court under 28 U.S.C. §§ 1331, 1334, 1441(c), invoking federal question jurisdiction under the Bankruptcy Code.[2]

According to the notice of removal, Orleans Homebuilders filed for Chapter 11 bankruptcy in the District of Delaware on March 1, 2010. Orleans' reorganization plan was confirmed on December 1, 2010. The defendants assert that the plaintiffs' claims arose prior to the bankruptcy confirmation and were, thereby, discharged in the bankruptcy proceedings.

The defendants then moved to dismiss, claiming that In re: Grossman's, Inc., et al., 607 F.3d 114 (3d Cir. 2010), precludes the plaintiffs' claims. Grossman's sets forth the test by which district courts determine when a claim has been discharged in a bankruptcy proceeding. Id. at 127-128. The plaintiffs argue that their breach of warranties claims were not discharged based on Grossman's.

---

[1] Defendant Orleans RH PA-IL, LP, f/k/a Realen Homes, LP, and Defendant RHGP, LLC are Pennsylvania limited partnerships with a principal place of business in Bensalem, PA. Defendant Orleans Homebuilders, Inc. is a Pennsylvania corporation with a principal place of business in Bensalem, PA. RHGP is the general partner of Orleans RH. Orleans Homebuilders is a limited partner of Orleans RH and/or owns all of the membership interest in RHGP. Orleans RH is a wholly owned subsidiary of Orleans Homebuilders.

[2] The complaint was served on the defendants on January 9, 2015. The defendants removed on January 28, 2015, making the removal timely. See Doc. No. 1.

## II.     JURISDICTION

Neither party addressed the question of whether removal was appropriate or whether this court has jurisdiction to hear this case. Nonetheless, a federal court is obligated to determine whether it has subject matter jurisdiction before proceeding to the merits of the parties' arguments. See Club Comanche, Inc. v. Government of Virgin Islands, 278 F.3d 250, 255 (3d Cir. 2002)("Although neither party challenges the District Court's subject matter jurisdiction (or raised the issue in the District Court), we are obligated to address questions of jurisdiction *sua sponte*.").

If a court determines that it lacks subject matter jurisdiction and removal was not proper, it must remand the action to state court. See 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." Brown v. Francis, 75 F.3d 860, 864–65 (3d Cir. 1996) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1985)).

The long-established "well-pleaded complaint rule" provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908). A defense invoking a federal question falls outside the "well-pleaded complaint rule" because a defense is not a part of the plaintiff's complaint. Rivet v. Regions Bank of Louisiana, 522

U.S. 470, 475 (1998)(citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)); Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 112 (1936)). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003).[3] See also Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 14 (1983).

    The state court complaint asserts two state law causes of action. It does not assert a federal claim. The parties are not diverse. The federal question under the Bankruptcy Code has been inserted by the defendants as part of a defense to suit. Under the "well-pleaded complaint rule," this is not enough to invoke federal question jurisdiction.

    The Supreme Court specifically addressed an analogous scenario in Rivet v. Regions Bank of La., 522 U.S. 470 (1998). In Rivet, the defendants in a state court action removed the case to federal court on the basis that prior Bankruptcy Court orders extinguished the plaintiffs' rights. Id. at 473. After reviewing the precedent on the "well-pleaded complaint rule," the Court held that "a defense that relies on the preclusive effect of a prior federal judgment…will not provide a basis for removal." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003) (citing to and summarizing the holding in Rivet). Just as in Rivet, the defendants in this case are attempting to defend against the plaintiffs' claims by invoking the preclusive effect of the prior bankruptcy.

---

[3] There are two exceptions to this rule: "when Congress expressly so provides, such as in the Price-Anderson Act…or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003). Neither exception is applicable in this case.

4

Under the "well-pleaded complaint rule" precedent and Rivet, I did not have subject matter jurisdiction over this action. Removal from state court was improper. This case will be remanded to the Court of Common Pleas of Bucks County.[4]

### III.   CONCLUSION

For the foregoing reasons, I will remand this case to the Court of Common Pleas of Bucks County for lack of subject matter jurisdiction.

An appropriate Order follows.

---

[4] In Grossman's, the Third Circuit stated that "[w]hether a particular claim has been discharged by a plan of reorganization depends on factors applicable to the particular case and is best determined by the appropriate bankruptcy court or the district court." 607 F.3d at 127. One might argue that this statement reads as requiring only a federal court to apply the Grossman's test. However, in context, I take this statement to mean that a lower federal court, not an appellate court, was better suited at applying the Grossman's test which requires analyzing factual circumstances regarding a potentially discharged claim. See id. ("These are not factors for consideration in the first instance by this court sitting en banc."). I see no reason why a state court could not address the preclusive effect of the prior bankruptcy in the case at hand. See Rivet, 522 U.S. at 478 ("[C]laim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under § 1441(b). Such a defense is properly made in the state proceedings, and the state courts' disposition of it is subject to this Court's ultimate review."); Mintz v. Carlton House Partners, Ltd., 595 A.2d 1240, 1244 (Pa. Super. 1991)(determining preclusive effect of Chapter 11 bankruptcy under pre-Grossman's test).